# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**UNITED STATES OF AMERICA**
ex rel. **JEFFREY D. MANN,** *et al.*,

    **Relators,**

                                            **Civil Action 2:18-cv-1192**
    **v.**                                        **Judge George C. Smith**
                                            **Magistrate Judge Elizabeth P. Deavers**

**JOHN KASICH,** *et al.*,

    **Defendants.**

## INITIAL SCREEN REPORT AND RECOMMENDATION

Relators, state inmates proceeding without the assistance of counsel, bring this *qui tam* action, alleging that Defendants John Kasich (Governor of the State of Ohio), Gary Mohr (Director of Ohio Department of Rehabilitation and Correction ("ODRC")), Terry Collins (former Director of ODRC), Ernie Moore (former Director of ODRC), and Reginald Wilkinson (former Director of ODRC) violated the False Claims Act, 31 U.S.C. §§ 3729–3733 ("FCA"). On November 20, 2018, Relators were granted leave to proceed *in forma pauperis*. (ECF Nos. 6, 7.) This matter is now before the Court for the initial screen of Relators' Complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Relators' Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A(b); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** Relators' claims.

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)[1] as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the

---

[1]Formerly 28 U.S.C. § 1915(d).

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints."  *16630 Southfield Ltd.*, *P'Ship v. Flagstar Bank*, *F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id.* (quoting *Twombly*, 550 U.S. at 557).  Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Id.* (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct."  *Flagstar Bank*, 727 F.3d at 504 (citations omitted).  Further, the Court holds *pro se* ain complaints "'to less stringent standards than formal pleadings drafted by lawyers.'"  *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).  This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Relators bring this *qui tam* action under the FCA, alleging that "[t]he United States

3

Government has a variety of ways in which it makes Federal funding available to Governors and Directors" and that "[a]ll Federal Agencies require a 'Certification Report' and 'Prior Approval Application' to establish eligibility before an application for funds will be accepted and . . . that the Applicant is in compliance with all Federal requirements[.]" (ECF No. 8 at ¶¶ 19, 21.) Relators allege as follows:

> [E]ach Defendant herein made claims and/or statements to the U.S. Government . . . with the purpose to get the Government to pay money on a claim i.e. via applications for Federal Funds; that the claims or statements were false and/or fraudulent, and that each Defendant knew that the statements were false and/or fraudulent.

(*Id*. at ¶ 52; *see also id*. at ¶¶ 74–76.) Among other forms of relief, Relators ask that Defendants "reimburse the United States of America three times the amount fraudulently and falsely obtained via the knowing use of false and fraudulent statements and omissions to obtain federal funding[.]" (*Id*. at "Demand for Relief," ¶ B.)

The Relators invoke the FCA, which "is an anti-fraud statute that prohibits the knowing submission of false or fraudulent claims to the federal government." *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc*., 501 F.3d 493, 502–03 (6th Cir. 2007). "Under the FCA, a private individual, known as a relator, may bring suit alleging FCA violations on behalf of the government; such an action is known as a *qui tam* action." *Armstead v. Cabinet for Health and Human Servs*., No. 4:16-CV-150, 2017 WL 970283, at *2 (W.D. Ky. Mar. 13, 2017) (citing *id*.). "The *qui tam* action is for redress of an injury to the government; it is the government's injury that confers standing upon the private person, and the *qui tam* plaintiff has standing because she is a partial assignee of the United States's claims against a defendant." *Heller v. ITT Tech. Inst.*, No. 5:14CV0446, 2014 WL 4925849, at *2 (N.D. Ohio Sept. 30, 2014) (citing *Vermont Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 773–74 (2000)). Accordingly, the

"real party in interest" in such actions is the United States. *United States ex rel. Eisenstein v. City of New York, New York*, 556 U.S. 928, 934 (2009) (noting that the United States's status in a *qui tam* action is that of "real party in interest"); *United States v. Health Possibilities, P.S.C.*, 207 F.3d 335, 342 (6th Cir. 2000) (noting that "the United States is the real-party-in-interest in FCA litigation").

Here, the Relators, state inmates proceeding *pro se*, therefore seek to pursue this action on behalf of the United States. *Id.*; *see also*, *e.g.*, ECF No. 8, "Demand for Relief," ¶ B (seeking relief on behalf of the United States). Under, 28 U.S.C. § 1654, a party may "plead and conduct their own cases personally or by counsel[.]" Individuals, however, are "not permit[ted] to appear *pro se* where interests other than their own are at stake." *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002); *see also Zanecki v. Health All. Plan of Detroit*, 576 F. App'x 594, 595 (6th Cir. 2014) ("[A] nonlawyer can't handle a case on behalf of anyone except himself.") (internal quotation marks and citations omitted); *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–65 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* provided by § 1654 is personal to the litigant and does not extend to other parties or entities" and "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity.") (collecting cases). This rule prohibiting *pro se* individuals from asserting claims on behalf of others "'protects the rights of those before the court' by preventing an ill-equipped layperson from squandering the rights of the party he purports to represent." *Zanecki*, 576 F. App'x 594, 595 (citations omitted). For these reasons, other courts considering this issue have concluded that *pro se* relators may not prosecute *qui tam* actions. *See*, *e.g.*, *Jones v. Jindal*, No. 10–7124, 2011 WL 588062, at *1 (D.C. Cir. Feb. 10, 2011) (per curiam) ("The district court properly dismissed appellant's complaint because a pro se

5

plaintiff may not file a *qui tam* action pursuant to the False Claims Act, 31 U.S.C. § 3729 *et seq*."); *United States ex rel. Szymczak v. Covenant Healthcare Sys., Inc*., 207 F. App'x 731, 732 (7th Cir. 2006) ("As we explained, a *qui tam* relator—even one with a personal bone to pick with the defendant—sues on behalf of the government and not himself.  He therefore must comply with the general rule prohibiting nonlawyers from representing other litigants."); *Phanvongkham v. Moultrie*, No. 1:16-cv-1032, 2017 WL 1353521, at *3 (E.D. Cal. Apr. 12, 2017) (recommending on initial screen under 28 U.S.C. § 1915 that action be dismissed because, *inter alia*, relator is unable to prosecute the case on "unable to prosecute that case on a *pro se* basis"), *appeal dismissed by* 2018 WL 3494642, at *1 (9th Cir. Jan. 19, 2018) (denying motion to proceed *in forma pauperis* and dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)); *Armstead*, 2017 WL 970283, at *2 (collecting cases and dismissing action); *Hopson v. Cunningham*, No. 3:13-cv-226, 2013 WL 3790908, at *2–3 (W.D. Ky. July 19, 2013) (collecting cases and dismissing action); *United States ex rel. Tran v. Detroit Land Bank Auth.*, No. 16-cv-10291, 2018 WL 3245211, at *1 (E.D. Mich. Mar. 12, 2018) (recommending that action be dismissed because *pro se* relator may not prosecute *qui tam* action under the FCA), *adopted by* 2018 WL 1516914, at *1 (E.D. Mich. Mar. 28, 2018); *Brantley v. Title First Titling Agency*, No. 1:12–cv–608, 2012 WL 6725592, at *1 (S.D. Ohio Sept. 27, 2012) (recommending on initial screen pursuant to 28 U.S.C. § 1915 that *qui tam* action under the FCA be dismissed because *pro se* relators may not prosecute *qui tam* actions), *adopted by* 2012 WL 6725591, at *1 (S.D. Ohio Dec. 27, 2012) (denying leave to appeal *in forma pauperis* because an appeal would not be taken in good faith).  Accordingly, Relators, who are proceeding without the assistance of counsel, are prohibited from bringing this *qui tam* action under the FCA.

6

**III.**

For the reasons set forth above, it is **RECOMMENDED** that Relators' claims be **DISMISSED**. It is **FURTHER RECOMMENDED** that the Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Ohio Attorney General's Office, 150 E. Gay St., 16th Floor, Columbus, Ohio 43215.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed,

appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

Date: December 4, 2018                              /s/ *Elizabeth A. Preston Deavers*
                                                                ELIZABETH A. PRESTON DEAVERS
                                                                UNITED STATES MAGISTRATE JUDGE